## DALLAS INDEPENDENT SCHOOL DISTRICT
## SUPERINTENDENT'S EMPLOYMENT CONTRACT

THE STATE OF TEXAS    '

                    **KNOW ALL MEN BY THESE PRESENTS:**

COUNTY OF DALLAS    '

     **THIS SUPERINTENDENT'S EMPLOYMENT CONTRACT** ("Contract") is made and entered into effective this 26th day of April 2012, by and between the Board of Trustees (the "Board") of the Dallas Independent School District (the "District") and Mr. Floyd Mike Miles ("Superintendent").

### WITNESSETH:

     **NOW, THEREFORE,** the Board and the Superintendent, for and in consideration of the terms and conditions hereafter established and pursuant to Section 11.201 of the Texas Education Code, have agreed, and do hereby agree, as follows:

### I.

### TERM

#### 1.1.   INITIAL TERM.

     The Board, by and on behalf of the District, does hereby employ the Superintendent, and the Superintendent does hereby accept employment as Superintendent of Schools for the District for a term of three (3) years commencing on July 1, 2012 and ending on June 30, 2015. The District may, by action of the Board, and with the consent and approval of the Superintendent, extend the term of this Contract as permitted by state law.

     The Board has not adopted any policy, rule, regulation, law or practice providing for tenure. No right of tenure is created by this Contract. No property interest, expressed or implied, is created in continued employment beyond the Contract term.

EXHIBIT
1

Liebbe 00137

**APP.014**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

## 1.2   TERM EXTENSION.

In June of each year, the District may, by action of the Board, exercise its option to extend the term of this Contract for an additional period in the manner herein provided in this Section.  Beginning in June 2013, this Contract shall be extended for an additional twenty-four (24) month period, provided Superintendent receives the maximum performance evaluation rating. This Contract shall be extended an additional twelve (12) months, in the event the Superintendent receives a performance evaluation of "Proficient".  Thereafter, beginning in June 2014 and in June thereafter, in the event the Superintendent receives a performance evaluation of "Proficient", the Contract shall be extended for a period of an additional twelve (12) months.  Any extension of the term under this Section 1.2 shall be with the written agreement of the Superintendent, and shall not exceed five (5) years, or as permitted by state law. The President of the Board shall notify the Superintendent in writing promptly after each such June meeting as to the action taken at such meeting.

## II.

## EMPLOYMENT

## 2.1.   DUTIES.

The Superintendent is the chief executive officer of the District and educational leader of the District and shall administer the School District and shall faithfully perform the duties of the Superintendent of Schools for the District in accordance with Board Policies including, but not limited to Policy BJA (LEGAL) and BJA (LOCAL) and as may be assigned by the Board, and shall comply with all lawful Board directives, state and federal law, District policy, rules, and regulations as they exist or may hereinafter be adopted or amended.  Specifically, it shall be the duty of the Superintendent to:

Liebbe 00138
**APP.015**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

(a)     Assume administrative responsibility and leadership for the planning, operation, supervision, and evaluation of the education programs, services, and facilities of the District and for the annual performance appraisal of the District's staff;

(b)     Assume administrative authority and responsibility for the assignment and evaluation of all personnel other than the Superintendent;

(c)     Oversee compliance with the standards for school facilities established by the Commissioner;

(d)     Make recommendations regarding selection of the District's personnel, subject to Board approval and consistent with Section 11.163 of the Texas Education Code and the other provisions of this Contract;

(e)     Initiate the proposed termination or suspension of an employee's employment or the proposed nonrenewal of an employee's term contract;

(f)     Manage the day-to-day operation of the District as its administrative manager, including implementing and monitoring plans, procedures, programs, and systems to achieve clearly defined and desired results in major areas of District operation;

(g)     Prepare and submit to the Board annually a proposed budget covering all estimated revenue and proposed expenditures of the District for the following fiscal year and administer the budget;

(h)     Prepare recommendations for policies to be adopted by the Board and oversee the implementation of adopted policies;

Liebbe 00139
**APP.016**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

(i)     Develop or cause to be developed appropriate administrative regulations to implement policies adopted by the Board;

(j)     Provide leadership for the attainment and, if necessary, improvement of student performance in the District based on the indicators by the Texas Commissioner of Education or the District's Board of Trustees;

(k)     Organize the District's central administration;

(l)     Communicate and collaborate with all members of the Board;

(m)    Consult with the District-level committee;

(n)     Ensure:

    (1)     Adoption of a student code of conduct and enforcement of that code of conduct; and

    (2)     Adoption and enforcement of other student disciplinary rules and procedures as necessary;

(o)     Submit reports as required by state or federal law, rule, or regulations;

(p)     Submit reports as requested by Board of Trustees;

(q)     Provide joint leadership with the Board of Trustees to ensure that the responsibilities of the Board and Superintendent team are carried out; and

(r)     Perform any other duties lawfully assigned by action of the Board of Trustees.

Except as provided in this Contract, the Superintendent agrees to devote his full time, skill, labor and attention to the performance of these duties in a faithful, diligent and efficient manner.

Liebbe 00140
APP.017

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

## 2.2   CONSULTATION ACTIVITIES.

The Superintendent shall not engage in any consulting activities with any other individuals or entities. Notwithstanding any provisions to the contrary in this Section, the Superintendent is hereby authorized to participate in a consulting activity during the month of July 2012 for four (4) days only without pay by the District.

The District shall not enter into any contracts or agreements with Focal Point or other education-related consulting groups associated with the Superintendent unless services and/or products are offered free of charge to the District.

## 2.3.   PROFESSIONAL ACTIVITIES.

The Superintendent may hold offices, membership or accept responsibilities in appropriate professional organizations subject to Board approval and provided that such responsibilities do not interfere with the performance of his duties as Superintendent. The Superintendent may attend and participate in professional meetings at the local, state, and national levels with the reasonable expenses for such attendance to be borne by the District, including membership fees and dues of the Superintendent in such organizations. The District shall pay the Superintendent's membership dues for up to three (3) such professional organizations.

## 2.4.   PROFESSIONAL CERTIFICATION AND RECORDS.

This Contract including any renewal or extensions thereof, is conditioned on the Superintendent providing a valid and appropriate certification to act as a Superintendent in the State of Texas as prescribed by the laws of the State of Texas and the rules and regulation of the Texas State Board of Educator Certification. The Superintendent is hereby provided a reasonable time to obtain his Texas Superintendent Certificate from the Texas State Board of Educator Certification. The Superintendent shall use his best

Liebbe 00141

**APP.018**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

efforts to obtain a One-Year Texas Superintendent Certificate by July 1, 2012, and thereafter his permanent Texas Superintendent Certificate by December 31, 2012.  In the event the Superintendent is unable to obtain the aforesaid Certificates, the Superintendent shall provide the President of the Board written verification by Texas State Board of Educator Certification of the Superintendent's inability to obtain Certificates in accordance with this Section. The Superintendent must also file any other records required for the personnel files and for payroll purposes.  Failure to provide necessary certification shall render this Contract voidable, and any misrepresentation in the records shall be grounds for termination.

**2.5.   EMPLOYMENT OF STAFF.**

Subject to the provisions of this Section 2.5, the Superintendent shall have the sole authority to select and employ all contract and noncontract staff, except for the Internal Auditor and subject to the District's salary schedule and budget as approved by the Board, including the authority to organize, reorganize, arrange, direct, assign, reassign and transfer all staff in the manner which best serves the District.  Further, the Superintendent shall have the authority to terminate or non-renew all staff, other than contract staff covered by Subchapters C, D, E, F, and G, Chapter 21, Texas Education Code and any other administrators who are not covered by Chapter 21, Texas Education Code.

Prior to publicly announcing the assignment, reassignment or transfer of the Administration's senior staff as defined hereinafter, the Superintendent shall inform the Board of said assignment, reassignment or transfer.  Administration's senior staff is defined as Chief Officer, Deputy Superintendent, Associate Superintendent, and Assistant Superintendent, and General Counsel, and their equivalents.

Liebbe 00142

**APP.019**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

Further, the Superintendent shall develop and implement administrative procedures, rules and regulations that the Superintendent believes necessary for the efficient and effective operation of the District and which are consistent with Board Policies, state and federal law.

### 2.6. BOARD MEETINGS AND RELATIONS.

The Superintendent shall attend all meetings of the Board and all Board committee meetings, both open and closed, and may participate in the deliberations of the Board at all such meetings, with the exception of those closed meetings of the Board involving the Superintendent's Contract or the Superintendent's salary and benefits as set forth in this Contract or the Superintendent's evaluation, or for purposes of resolving conflicts between individual Board members, and/or when the Board is acting as a tribunal.  In the event of illness or Board approved absence, the Superintendent's designee shall attend such meetings.

### 2.7. CRITICISMS, COMPLAINTS AND SUGGESTIONS.

The Board, individually and collectively, shall promptly refer all substantive criticisms, complaints and suggestions, regardless of the source, called to the Board's attention to the Superintendent for study and appropriate action or recommendation. The Superintendent shall promptly investigate such matters and shall periodically inform the Board of the results or status of such matters.

### 2.8. REASSIGNMENT.

The Superintendent shall not be reassigned from the position of Superintendent to another position without the Superintendent's written consent.

Liebbe 00143
**APP.020**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

### III.

## COMPENSATION AND SALARY

### 3.1.   ANNUAL BASE SALARY.

The Superintendent shall be paid an annual base salary in the sum of Three Hundred Thousand Dollars ($300,000) annually beginning on July 1, 2012 and annually thereafter subject to the other terms and provisions of this Contract.  This annual salary rate shall be paid to the Superintendent in equal installments consistent with Board policy.

### 3.2.   PERFORMANCE- BASED INCENTIVES.

The Superintendent and the Board shall develop annual goals for the District and the Superintendent by August 31, 2012 and annually by July 1 of each year thereafter during the term of this Contract.  The aforesaid District and Superintendent goals shall be the criteria used for appraising the performance of the Superintendent and shall be reduced to writing and approved by the Board and are hereby made a part of this Contract.   The Board shall approve an appraisal process that provides for up to Seventy-Five Thousand Dollars ($75,000) per annum for a performance bonus for the Superintendent.   Any bonus earned hereunder shall be paid annually within thirty (30) days of the completed evaluation, and shall be paid to the Superintendent at the Superintendent's sole discretion as a single taxable lump sum payment or in equal monthly installments, after appropriate withholding consistent with the Superintendent's regularly-earned salary.

### 3.3   STUDENT ACHIEVEMENT- BASED INCENTIVES.

The Superintendent and the Board shall develop a set of annual student achievement goals for the District by August 31, 2012 and annually by July 1 of each

Liebbe 00144

**APP.021**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

year thereafter during the term of this Contract. The aforesaid student achievement goals shall be the criteria used for determining a student achievement bonus for the Superintendent and are hereby made a part of this Contract. The Board shall approve a matrix for measurement of student goals with a process that provides up to One Hundred Twenty-Five Thousand Dollars ($125,000) per annum for a bonus for the Superintendent. Any bonus earned hereunder shall be paid annually within thirty (30) days of receiving the final academic data from Texas Education Agency; and shall be paid to the Superintendent at the Superintendent's sole discretion as a single taxable lump sum payment or in equal monthly installments, after appropriate withholding consistent with the Superintendent's regularly-earned salary.

## 3.4.   RETENTION INCENTIVE SUPPLEMENT.

As an incentive to the Superintendent to continue in the employment of the District, the Board shall establish for the Superintendent's benefit a deferred compensation plan (the "Plan") under which the District shall contribute Fifty Thousand Dollars ($50,000) per year during the initial term of this Contract, payable on June 30, 2013 and on June 30th of each year thereafter with final payment payable on June 30, 2017. Payment shall be made to an account selected by the Superintendent, provided the District is named owner and beneficiary of the account until such time contributions and earnings are one hundred percent (100%) vested in the Superintendent.

If this Contract and the employment of the Superintendent are terminated prior to the expiration of this Contract or renewal thereof, the Superintendent is vested 100% on July 1, 2017.

Any remainder of contributions and earnings in the Plan, which have not vested at the time of termination, shall immediately revert to the District.

Liebbe 00145

**APP.022**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

### 3.5.  SALARY ADJUSTMENTS.

At any time during the term of this Contract, the Board may in its discretion, review and adjust the salary of the Superintendent, but in no event shall the Superintendent be paid less than the salary set forth pursuant to Section 3.1 of this Contract except by mutual agreement of the parties. Such adjustments, if any, shall be in the form of a written addendum to this Contract or a new contract, and such adjustment shall be exclusive of any insurance policy or other benefits unless specifically provided in the addendum or new contract.

### 3.6.  BUSINESS EXPENSES.

The District shall pay or reimburse the Superintendent for reimbursable expenses incurred by the Superintendent in the continuing performance of the Superintendent's duties under this Contract. The District agrees to pay the actual and incidental costs incurred by the Superintendent for travel; such costs may include, but are not limited to, airline tickets, hotels and accommodations, meals, rental car, and other expenses incurred in the performance of the business of the District. The Superintendent shall comply with all policies, procedures and documentation requirements in accordance with Board policies and established procedures, which shall be subject to review by the District's independent auditors. In addition, the Superintendent will submit a quarterly report on business expenses to the Board during the Board Business Briefing.

### 3.7.  AUTOMOBILE EXPENSE ALLOWANCE.

The District shall provide the Superintendent an automobile allowance in the sum of Five Hundred Dollars ($500) per month not to exceed Six Thousand Dollars ($6,000) per year during the term of this Contract. This allowance is paid in lieu of mileage expense reimbursement for travel to and from destinations in the District.

Liebbe 00146
**APP.023**

### 3.8.   CELL PHONE ALLOWANCE.

The District shall provide the Superintendent a cell phone allowance in the sum of Two Hundred and Fifty Dollars ($250) per month not to exceed Three Thousand Dollars ($3,000) per year during the term of this Contract.

### 3.9.   HEALTH AND OTHER INSURANCE.

The District shall pay the coverage for group health and hospitalization, dental and vision insurance ("Point of Service Coverage") for the Superintendent and his immediate family, and shall provide him with all other benefits on the same basis as other twelve-month administrative employees of the District.

The District shall pay the annual premium for term life insurance and for disability income protection insurance to the Superintendent under policy carriers currently available to District employees during the term of this Contract or any renewals thereof. The term life insurance policy shall be in the amount of $500,000. The disability income protection insurance shall have a monthly total benefit not to exceed a maximum of sixty percent (60%) of the annual base salary set forth in Section 3.1 of this Contract.

### 3.10.   VACATION, HOLIDAY AND PERSONAL LEAVE.

The Superintendent may take, at his choice, subject to the Board's notification, the same number of days of vacation and personal leave authorized by policies adopted by the Board for administrative employees on twelve-month contract. The vacation and personal leave days taken by the Superintendent shall be taken at such time or times as will least interfere with the performance of the Superintendent's duties as set forth in the Contract.

Upon the termination of the Superintendent's employment under this Contract for any reason, all accrued but unused vacation days shall be paid with deduction as a

Liebbe 00147
**APP.024**

single taxable lump sum payment to the Superintendent or his survivors at the Superintendent's then current daily rate of pay, with the daily rate being calculated on a 226 work day.

The Superintendent shall observe the same legal holidays as provided by Board policies for administrative employees on twelve-month contracts.

**3.11.  SICK LEAVE.**

The Superintendent shall have the same sick leave benefits as authorized by Board policies for administrative employees on twelve-month contracts.

**3.12.  NOTIFICATION OF ABSENCE FROM WORK.**

(a)     When Superintendent intends to be absent from the District for three (3) or more consecutive days for any reason, he shall notify the President of the Board in writing or electronically at least five (5) work days prior to the absence except in the event of a personal or family emergency.  In such cases, the President of the Board shall be notified as soon as possible.

(b)     In the event Superintendent will be hospitalized for non-emergency purposes, Superintendent shall give the Board at least three (3) days written notice of each hospitalization.

**3.13.  ANNUAL PHYSICAL EXAMINATION.**

The Superintendent shall undergo an annual physical examination performed by a licensed physician mutually acceptable to the Board and the Superintendent. The physician shall submit a confidential statement to the President of the Board verifying the Superintendent's fitness to perform the Superintendent's duties, and copies of all such statements shall be maintained in the Superintendent's personnel file.  The District shall pay all reasonable costs of the annual physical examination.

Liebbe 00148

**APP.025**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

### 3.14.  TEXAS TEACHER RETIREMENT SYSTEM.

The District shall make the Superintendent's portion of the monthly contribution to the Texas Teacher Retirement System on behalf of the Superintendent in the percentage amount required by the Texas Teacher Retirement System for the account of the Superintendent.

### 3.15.  INDEMNIFICATION AND DEFENSE.

(a)    The District shall indemnify, defend, and hold the Superintendent harmless regarding any civil claims, demands, duties, actions, or other legal proceedings against the Superintendent for any act or failure to act involving the exercise of judgment and discretion within the normal course and scope of his duties as Superintendent of the District, to the fullest extent permitted by law, except as otherwise provided in this paragraph.  The District has no obligation to indemnify, defend, or hold the Superintendent harmless regarding any claims, demands, duties, actions or other legal proceedings against the Superintendent if the Superintendent admits in writing or under oath, or is found by a Court of competent jurisdiction (i) to have acted with gross negligence or malice; (ii) to have acted with the intent to violate a person's clearly established legal rights; or (iii) to have engaged in criminal conduct.

(b)    The District will pay the attorney's fees, expenses and costs reasonably necessary to defend the Superintendent in any civil claims, demands, duties, actions or other legal proceedings against the Superintendent in which the Superintendent is alleged (i) to have acted with gross negligence or malice; (ii) to have acted with the intent to violate a person's clearly established legal rights; or (iii) to have engaged in criminal conduct.

Liebbe 00149
APP.026

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

(c)    If the Superintendent admits in writing or under oath, or is found by a court of competent jurisdiction (i) to have acted with gross negligence or malice; (ii) to have acted with the intent to violate a person's clearly established legal rights; or (iii) to have engaged in criminal conduct, then the Superintendent will promptly reimburse the District all sums advanced by the District to defend the Superintendent in the court proceeding in which such admission or finding is made within one hundred and eighty (180) days or as agreed by the Board.

(d)    In the case of any criminal proceeding arising out of the Superintendent's responsibilities as Superintendent or other actions against the District, the District shall advance the attorneys' fees, expenses and costs reasonably necessary to defend the Superintendent in any criminal claims, demands, duties, actions or legal proceedings against the Superintendent.  If the Superintendent admits in writing or under oath or is found by a court of competent jurisdiction to have engaged in criminal conduct, then the Superintendent will promptly reimburse the District all sums advanced by the District to defend the Superintendent in court within one hundred and eighty (180) days or as agreed by the Board.

(e)    The District may fulfill its obligation by (i) purchasing appropriate insurance coverage for the benefit of the Superintendent, or (ii) including the Superintendent as a covered party under any errors and omissions insurance coverage purchased for the protection of the Board and the professional employees of the District.

(f)    The Superintendent agrees to provide reasonable assistance to and cooperate with the District, its Trustees, agents, employees and attorneys in response to any legal proceeding or claims brought against the District.

Liebbe 00150

APP.027

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

(g)    No individual member of the Board shall be personally liable for indemnifying, defending or holding harmless the Superintendent, or for any other obligation assumed by the District.

(h)    If the Superintendent does not consent to being represented by the same counsel representing the District in any proceeding the District is obligated to defend under this Section 3.15, then the Superintendent may elect to be represented in such proceeding by independent counsel. In such event, the District will pay the attorney's fees, expenses and costs reasonably necessary for the independent counsel to defend the Superintendent, subject to the provisions of this Section 3.15.

### 3.16.  MOVING AND RELOCATION EXPENSES.

In connection with the necessary relocation of the Superintendent and the Superintendent's family to the District, the District shall reimburse the Superintendent for all reasonable actual moving expenses from Colorado Springs, CO to the District, not to exceed Ten Thousand Dollars ($10,000). The Superintendent shall document all expenses with original receipts, cancelled checks or credit card statements.

### 3.17.  TRANSITION EXPENSES.

If it is necessary for the Superintendent to rent a residence in the District as part of the transition from Colorado Springs, CO, the District shall reimburse the Superintendent up to Two Thousand Dollars ($2,000) per month for rent actually paid by the Superintendent, not to exceed Six Thousand Dollars ($6,000). This rental reimbursement shall terminate at the earliest of (i) the sixtieth (60) day after the Superintendent's purchase of a residence within the territorial boundaries of the District or (ii) September 30, 2012.

Liebbe 00151

**APP.028**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

**3.18.  RESIDENCE.**

Superintendent, as a condition of his appointment and continued employment as Superintendent, agrees to establish his temporary and permanent residence within the geographical boundaries of the District. Superintendent shall provide evidence of Superintendent's residence within the territorial boundaries of the District to the President of the Board.

**3.19.  PROFESSIONAL LIABILITY INSURANCE.**

The District does hereby agree to provide the Superintendent, at the District's expense, professional liability insurance in the face amount of at least One Million Dollars ($1,000,000.00).

**IV.**

**ANNUAL PERFORMANCE GOALS**

**4.1.  DEVELOPMENT OF GOALS.**

The Superintendent shall, by August 31, 2012 and annually by July 1 of each year thereafter during the term of this Contract, submit for the Board's consideration and adoption, a proposed list of goals for the District. The goals approved by the Board shall be reduced to writing and shall be among the criteria upon which the Superintendent's performance will be reviewed and evaluated.

**4.2.  PERFORMANCE REVIEW.**

The Board shall evaluate and assess the performance of the Superintendent in writing at a mutually agreed upon time, not later than May 15th of each year of this Contract. The meetings at which the Board evaluates the Superintendent will be held in a closed meeting unless the Superintendent requests that it should be held in an open meeting. The evaluation and assessment shall be related to the duties of the

Liebbe 00152

**APP.029**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

Superintendent as outlined in this Contract and consistent with Board Policy BJA (LEGAL) and BJA (LOCAL) and the annual goals for the District.

**4.3.   CONFIDENTIALITY.**

Unless the Superintendent expressly requests otherwise in writing, the evaluation of the Superintendent shall at all times be conducted in executive session and shall be considered confidential to the extent permitted by law.  Nothing herein shall prohibit the Board or the Superintendent from sharing the content of the Superintendent's evaluation with their respective legal counsel.

**4.4.   ANNUAL EVALUATION FORMAT AND PROCEDURE.**

The annual evaluation format and procedure shall be in accordance with the Board's policies and state and federal law and in consultation with the Superintendent. In the event the Board deems that the evaluation instrument, format and/or procedure is to be modified by the Board, the Superintendent shall be provided a reasonable period of time to demonstrate such expected performance before being evaluated.

**4.5   OTHER INTERIM EVALUATIONS.**

Nothing in this Contract prohibits or limits the Board's ability to conduct formal or informal interim evaluations, between annual performance evaluations, regarding the performance of the Superintendent, as deemed by the Board in its sole discretion to be necessary or helpful.

**V.**

**TERMINATION OF EMPLOYMENT CONTRACT**

**5.1.   MUTUAL AGREEMENT.**

This Contract may be terminated by mutual agreement of the Superintendent and the Board in writing upon such terms and conditions as may be mutually agreed upon.

Liebbe 00153

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

**5.2.   RETIREMENT OR DEATH.**

This Contract shall be terminated upon the retirement or death of the Superintendent.

**5.3.   DISMISSAL FOR GOOD CAUSE.**

The Board may dismiss the Superintendent during the term of this Contract for good cause as that term is applied to term contract employees under Texas Law.  Said termination will relieve the District of any obligations to make further payment to the Superintendent pursuant to the terms of this Contract.  Examples of "good cause" include, but are not limited to:

(a)   Failure to fulfill duties or responsibilities as set forth under the terms and conditions of this Contract;

(b)   Incompetence or inefficiency in the performance of required or assigned duties as documented by evaluations, supplemental memoranda, or other written communication from the Board;

(c)   Insubordination or failure to comply with lawful written Board directives;

(d)   Failure to comply with the Board's policies or the District's administrative regulations;

(e)   Neglect of duties;

(f)   Convicted of driving while intoxicated;

(g)   Illegal use of drugs, hallucinogens, or other substances regulated by the Texas Controlled Substances Act;

(h)   Conviction of a felony or crime involving moral turpitude;

(i)   Failure to report to the Board any arrest, conviction, or deferred adjudication for any felony or conviction involving moral turpitude as required by District policy;

(j)   Failure to meet the District's standards of professional conduct;

(k)   Failure to comply with reasonable District professional development requirements regarding advanced course work or professional development;

Liebbe 00154

**APP.031**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

(l)   Disability, not otherwise protected by law, that impairs performance of the required duties of the Superintendent;

(m)   Immorality, which is conduct the Board determines is not conformity with the accepted moral standards of the community encompassed by the District.  Immorality is not confined to sexual matters, but includes conduct inconsistent with rectitude or indicative of corruption, indecency, or depravity;

(n)   Assault on an employee or student;

(o)   Knowingly falsifying records or documents related to the District's activities;

(p)   Conscious misrepresentation of material facts to the Board or other District officials in the conduct of the District's business;

(q)   Failure to fulfill requirements for Superintendent Certification;

(r)   Conducting personal business during school hours when it results in neglect of duties;

(s)   Any activities of the Superintendent, school-connected or otherwise, that because of related publicity, or knowledge or same among students, faculty and community, substantially impairs or diminishes the Superintendent's effectiveness in the District;

(t)   Failure to take steps to maintain an effective working relationship, or maintain good rapport with parents, the community, staff or the Board;

(u)   Falsification of required information on an employment application;

(v)   Failure to fulfill the requirements of a deficiency plan under an Emergency Permit or a Special Assignment Permit; and

(w)   Any other reason constituting "good cause" under Texas law as it applies to term contract employees, as determined by the Board.

## 5.4.   DISABILITY.

In the event the Superintendent shall become physically or mentally unable to perform his usual duties as Superintendent, the Board, at its option, may terminate this Contract and the employment of the Superintendent.   Verification of the illness or disability of the Superintendent shall be required whenever a majority of the Board

Liebbe 00155

**APP.032**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

requests it. Verification shall be by a physician designated by the Board. Should the Superintendent be terminated due to such physical or mental disability, the Superintendent shall be entitled to one (1) year of his annual base salary set out in Section 3.1, a continuation of the District's payment for the health and major medical insurance for the Superintendent, set out in Section 3.8 for a period of one (1) year from the date of termination and continuation of the District's payment of life insurance and disability income protection insurance premiums in Section 3.8 for a period of one (1) year from the date of termination.  Except for the payments set out herein, the District shall have no further liability to the Superintendent for any other compensation or benefits.

### 5.5. TERMINATION PROCEDURE.

In the event that the Board proposes to terminate this Contract for "good cause", the Superintendent shall be afforded the rights as set forth in the Board's policies, and applicable state and federal law.

### 5.6. NONRENEWAL OF CONTRACT.

Nonrenewal of this Contract shall be in accordance with Board policy BJCF (LEGAL) and applicable law.

### VI.

### MISCELLANEOUS

### 6.1. CONTROLLING LAW.

This Contract shall be governed by the laws of the state of Texas, and it shall be performable in Dallas County, Texas, unless otherwise provided by law.  This Contract supersedes and replaces all previous contracts, understandings and agreements between the parties.

Liebbe 00156

**APP.033**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

**6.2.   COMPLETE AGREEMENT.**

This Contract embodies the entire agreement between the parties, and except as expressly provided herein, it cannot be varied except by written agreement of the parties.

**6.3.   CONFLICTS.**

In the event of any conflicts between the terms, condition, and provisions of this Employment Contract and the provisions of the Board's policies, or any permissive state or federal law, then, unless otherwise prohibited by law, the terms of this Contract shall take precedence over the contrary provisions of the Board's policies or any such permissive law during the term of the Contract.

**6.4.   SAVINGS CLAUSE.**

In the event any one or more of the provisions contained in this Contract shall, for any reason, be held to be invalid, illegal, or unenforceable, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof, and this Contract shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.  All existing agreements and contracts, both verbal and written, between the parties hereto regarding the employment of the Superintendent have been superseded by this Contract, and this Contract constitutes the entire agreement between the parties unless amended pursuant to the terms of this Contract.

**6.5.   AMENDMENT.**

This Contract may be amended during its term by the mutual written consent of the District and Superintendent.  Any such amendment shall be in writing and approved by official action of the Board, and accepted in writing by the President of the Board and Superintendent.

Liebbe 00157

**APP.034**

DALLAS INDEPENDENT SCHOOL DISTRICT

SUPERINTENDENT'S EMPLOYMENT CONTRACT

**6.6.  NOTICE.**

Any notice required or permitted to be delivered hereunder shall be deemed to be delivered, whether or not actually received, when deposited in the United States Mail, postage prepaid, certified mail, return receipt requested, at the addresses contained herein.

**6.7.  BOARD POLICIES.**

References herein to "Board policies" includes the Board's policies as they exist or may be hereinafter be adopted or amended.

**DALLAS INDEPENDENT
SCHOOL DISTRICT**

ATTEST:

By: _____

Bruce Parrott, Secretary
Board of Trustees

Date: 4 / 26 / 12

By: _____

Lew Blackburn, Ph.D, President
Board of Trustees

3700 Ross Avenue
Dallas, Texas 75204

Date: 4/26/12

**SUPERINTENDENT**

Floyd Mike Miles

2575 Heathrow Drive
Colorado Springs, CO 86920

Date: 4 / 26 / 12

Liebbe 00158
**APP.035**